UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW CHIEN,<br><br>    Plaintiff,<br><br>    v.<br><br>COLLEEN KOLLAR-KOTELLY,<br><br>    Defendant. | Civil Action No. 19-3100 (JEB) |

## MEMORANDUM OPINION

*Pro se* Plaintiff Andrew Chien has brought several securities-related lawsuits that were assigned to Judge Colleen Kollar-Kotelly of this federal district. Unhappy with her rulings adverse to him, he then filed this suit against her, which seeks various forms of relief, including her removal from his three cases. Given that Judge Kollar-Kotelly is judicially immune, her Motion to Dismiss will be granted.

The judge's Motion asserts as a complete defense the doctrine of judicial immunity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . ." Pierson v. Ray, 386 U.S. 547, 553-54 (1967). The purpose of the doctrine is to protect "judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants," Forrester v. White, 484 U.S. 219, 225 (1988) (citing Bradley v. Fisher, 80 U.S. (13 Wall.) 335, 348 (1872)) — precisely the case here. As a result, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (quoting Bradley 80 U.S. at 351); see also Imbler v. Pachtman, 424

1

U.S. 409, 419 (1976) (federal judges entitled to "absolute immunity . . . for acts committed within their judicial jurisdiction") (quoting Bradley, 80 U.S. at 335).

Such immunity also covers recusal decisions, another theme of Plaintiff's Complaint. See, e.g., Shepherdson v. Nigro, 179 F.R.D. 150, 152 (E.D. Pa. 1998) ("[A] judge is immune from suit on a claim predicated on his refusal or failure to recuse himself in a case which he otherwise has jurisdiction to adjudicate, whatever his motive."); Schiff v. Dorsey, 877 F. Supp. 73, 75-76 (D. Conn. 1994) (same); Sato v. Plunkett, 154 F.R.D. 189, 191 (N.D. Ill. 1994) (same); cf. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 435 (1993) ("[D]iscretionary decisionmaking [is what] the doctrine of judicial immunity is designed to protect.").

Finally, to the extent Plaintiff asks this Court to order the injunctive remedy of removing Judge Kollar-Kotelly, he is proceeding in the wrong manner. He must file such a motion in the case where he desires such relief, not in a separate civil action. See 28 U.S.C. § 144.

The Court, accordingly, will grant Defendant's Motion to Dismiss. A contemporaneous Order so reflecting will issue this day.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 6, 2020